UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD P. ULFERS                                 CIVIL ACTION

versus                                                        NO. 12-2087

N. BURL CAIN, WARDEN                         SECTION: "I" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Ronald P. Ulfers, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On September 24, 2006, he was convicted of second degree

murder under Louisiana law.[1] On November 29, 2006, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] On February 8, 2008, the Louisiana First Circuit Court of Appeal affirmed that conviction and sentence.[3] The Louisiana Supreme Court then denied his related writ application on January 16, 2009.[4]

On February 25, 2009, petitioner, through counsel, filed with the state district court a motion for a new trial which was denied on March 2, 2009.[5]

On January 18, 2011, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[6] That application was denied on March 28, 2011.[7] The Louisiana First Circuit Court of Appeal then denied his related writ application on August 1, 2011,[8]

---

[1] State Rec., Vol. XIII of XIX, transcript of September 24, 2006, p. 116; State Rec., Vol. V of XIX, minute entry dated September 24, 2006; State Rec., Vol. VII of XIX, jury verdict form.

[2] State Rec., Vol. XIII of XIX, transcript of November 29, 2006; State Rec., Vol. V of XIX, minute entry dated November 29, 2006.

[3] State v. Ulfers, No. 2007 KA 0832, 2008 WL 441488 (La. App. 1st Cir. Feb. 8, 2008); State Rec., Vol. III of XIX.

[4] State v. Ulfers, 998 So.2d 90 (La. 2009) (No. 2008-K-1100); State Rec., Vol. III of XIX.

[5] State Rec., Vol. III of XIX.

[6] State Rec., Vol. III of XIX.

[7] State Rec., Vol. III of XIX, Order dated March 28, 2011.

[8] State v. Ulfers, No. 2011 KW 0776 (La. App. 1st Cir. Aug. 1, 2011); State Rec., Vol. IV of XIX.

and refused to consider his request for rehearing on August 22, 2011.[9] The Louisiana Supreme Court likewise denied his related writ application on June 1, 2012.[10]

On August 8, 2012, petitioner filed the instant federal *habeas corpus* application in which he argues that he is entitled to relief because newly discovered evidence proves that he is actually innocent.[11] The state contends both that petitioner's federal application is untimely and that his claim is not cognizable.[12] The state is correct.

## I. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[9] State v. Ulfers, No. 2011 KW 0776 (La. App. 1st Cir. Aug. 22, 2011); State Rec., Vol. IV of XIX.

[10] State *ex rel.* Ulfers v. State, 90 So. 3d 424 (La. 2012) (No. 2011-KH-1998); State Rec., Vol. IV of XIX.

[11] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states that he placed his federal application into the prison mailing system on August 8, 2012. See Rec. Doc. 1, p. 15.

[12] Rec. Docs. 8 and 9.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

### A.  28 U.S.C. § 2244(d)(1)(A)

As noted, under Subsection A, a petitioner must bring his federal *habeas corpus* claims within one (1) year of the date on which his underlying criminal judgment became "final." On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

The Louisiana Supreme Court denied petitioner's writ application on direct review on January 16, 2009. As a result, for AEDPA purposes, his state criminal judgment became final, and his federal limitations period therefore commenced, on April 16, 2009. See id. at 317-18. That federal limitations period then expired one year later on April 16, 2010, unless the deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period, and so he clearly is not entitled to statutory tolling.[13]

The Court next considers equitable tolling. The United States Supreme Court has held that AEDPA's limitations period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[13] Although petitioner subsequently filed a state post-conviction application on January 18, 2011, an application filed *after* the expiration of the federal statute of limitations has no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

Out of an abundance of caution, the Court notes that petitioner claims that he is actually innocent. However, that has no relevance to the issue of equitable tolling. The United States Fifth Circuit Court of Appeals has expressly held: "[A] petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); see also Tate v. Parker, 439 Fed. App'x 375, 376 n.1 (5th Cir. 2011); Price v. Cain, Civ. Action No. 11-071, 2011 WL 2937285, at *4 (E.D. La. July 19, 2011); Mattox v. Cain, Civ. Action No. 08-4295, 2011 WL 291283 (E.D. La. Jan. 25, 2011).

In that petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 16, 2010, in order to be timely under 28 U.S.C. § 2244(d)(1)(A). Because his federal application was not filed until August 8, 2012, it is untimely under that subsection.

### B. 28 U.S.C. § 2244(d)(1)(B), (C), and (D)

As noted, 28 U.S.C. § 2244(d)(1) has three other subsections which delay the commencement of the federal limitations period based on specified events. However, those subsections do not apply in the instant case. Clearly, Subsections B and C are inapplicable, in that petitioner does not claim the existence of either a state-created impediment to filing or a newly-discovered constitutional right. Further, Subsection D, which delays the federal limitations period until the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence, is inapplicable because the factual predicate of petitioner's claim was

discovered *before* his conviction became final for AEDPA's purposes.[14]  In that the federal limitation period runs from the *latest* of the events listed in 28 U.S.C. § 2244(d)(1), Subsection A, not Subsection D, applies.

Because petitioner's federal application is untimely under Subsection A, and because Subsections B, C, and D are inapplicable, his application should be dismissed as untimely filed.

---

[14] Petitioner's claim is that he is actually innocent, and that claim is based on his discovery of a tape recording of the victim being threatened by another man.  However, although it is not clear precisely when petitioner became aware of the tape, the tape's existence was the basis of his motion for a new trial filed on February 25, 2009.  State Rec., Vol. III of XIX.  Therefore, the factual predicate of this claim was obviously discovered *before* petitioner's conviction became final for AEDPA's purposes on April 16, 2009.

Moreover, in any event, Subsection D does not apply for an even more fundamental reason. Because claims of actual innocence based on newly discovered evidence do not state a ground for federal *habeas* relief absent an independent constitutional violation occurring in the underlying state criminal proceedings, the belated discovery such evidence simply does not trigger the provisions of Subsection D.  Hammack v. Quarterman, No. 4:06-CV-111, 2006 WL 1831329, at *3 (N.D. Tex. June 30, 2006); Pruett v. Cockrell, No. 4-99-CV-781, 2001 WL 1516735, at *9 (N.D. Tex. Nov. 21, 2001); see also Madison v. Scott, No. 3:11CV243, 2012 WL 930932, at *2 (S.D. Miss. Mar. 19, 2012); Ware v. Secretary, Department of Corrections, No. 8:11-cv-418, 2011 WL 5525359, at *6 (M.D. Fla. Nov. 14, 2011) ("Since a free-standing claim of actual innocence is not a cognizable claim, [a prisoner] is not entitled to employ such a claim to reset his time clock under § 2244(d)(1)(D)."); Tate v. Parker, No. 4:06CV99, 2010 WL 2606045, at *2-3 (S.D. Miss. June 22, 2010), aff'd, 439 Fed. App'x 375 (5th Cir. 2011); Morales v. McNeil, No. 09-21335-CIV, 2010 WL 2976552, at *4 (S.D. Fla. June 14, 2010) ("[T]o the extent that any or all of the affidavit testimony is being offered in support of the petitioner's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under § 2244(d)(1)(D), because this evidence suggesting his innocence is actually the claim itself, rather than the factual predicate of an independent claim. Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation, the petitioner would not be entitled to tolling under § 2244(d)(1)(D)."), adopted, 2010 WL 2976550 (S.D. Fla. July 20, 2010); Green v. Stevenson, No. 6:08-4152, 2009 WL 3562297, at *6 (D.S.C. Oct. 30, 2009).

II. Merits

As the state correctly notes, even if petitioner's federal application was timely, his underlying claim, i.e. that he should be granted relief because he is actually innocent, is not even cognizable in this federal *habeas corpus* proceeding. As Justice Holmes noted long ago, what a federal *habeas* court has "to deal with is *not* the petitioner['s] innocence or guilt but *solely* the question whether [his] constitutional rights have been preserved." Moore v. Dempsey, 261 U.S. 86, 87-88 (1923) (emphasis added). The Supreme Court reiterated that view seventy years later, noting:

> Claims of actual innocence based on newly discovered evidence have *never* been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. ... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – *not* to correct errors of fact.

Herrera v. Collins, 506 U.S. 390, 400 (1993) (emphasis added); see also Kincy v. Dretke, 92 Fed. App'x 87, 92 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1074 (5th Cir. 1998); Newman v. Cain, Civ. Action No. 09-4445, 2010 WL 1817771, at *7-8 (E.D. La. Apr. 12, 2010), adopted, 2010 WL 1838064 (E.D. La. May 4, 2010); Bolton v. Cooper, Civ. Action No. 07-626, 2007 WL 2713259, at *4 (E.D. La. Sept. 14, 2007). Where a convicted inmate uncovers new evidence tending to prove his innocence, his recourse is to seek executive clemency, not federal *habeas corpus* relief. Herrera, 506 U.S. at 417.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Ronald P. Ulfers be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this twenty-fifth day of October, 2012.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.